May it please the Court, my name is David Weikert. I represent Defendant Connie Lorette Johnson in this matter. I'm going to focus the oral argument particularly on the briefing as it relates to the sufficiency of the evidence on count three. That conviction really was the driving force behind the 53 month sentence that was sustained by my client in relation to his response to inquiries by the pretrial services officer into his condition and his condition, the condition that he supposedly made materially false statements regarding. That led to the issuance of an arrest warrant, the execution of the arrest warrant at his home, and during the course of the arrest his resisting the arrest and making threats against the pretrial services officer. 18 U.S.C. Section 1513 B.2 focuses on retaliation against a victim, witness, or informant. It is part of legislation that was passed with 1512. The focus of those sections is that Congress foresaw a need to prescribe sentences or criminal sanctions for efforts to intimidate or impede lay witnesses. This case doesn't involve a lay witness. This case involves a law enforcement witness. And the key to this section is that there has to be a specific intention. And the specific intention is that the retaliation is against the witness, victim, or informant for giving information relating to the commission of a violation of conditions of release pending judicial proceedings to a law enforcement officer. A law enforcement officer is not a judge. And in this case, even if Mr. Johnson had some familiarity with the system, some familiarity with the federal law enforcement system, there is nothing that put him on notice that Amber Burke, his pretrial services officer, would do anything but refer his misstatements, his false statements, his refusals to comply with the conditions of pretrial services and the conditions of his release to anything but the judge. And when law enforcement officers came to his house when a violation was issued, it was not within his purview of knowledge that Ms. Burke would have done anything more than what she told the defendant she was going to do. And that was report his misconduct to the judge. The judge was not a law enforcement officer. Mr. Johnson had no knowledge, no awareness, no notice that Ms. Burke would talk to a supervisor, would talk to members of other law enforcement agencies, would do anything but report his misconduct to the judge. She would do anything but what she told Mr. Johnson she was going to do. And that was... May I ask you a question? Sure. What case authority are you relying upon to support your argument that because the defendant did not know she was going to talk with law enforcement officers, that this statute does not apply to the conduct? Well, first of all, Your Honor, there isn't any case law that applies this section that I've found to a situation where a person made a report to a law enforcement officer and then that law enforcement officer subsequently went to another law enforcement officer, passed on that information, and that was the basis for the retaliation count. All I can go on is the congressional language that I cited in my brief, which suggests that the person has to have an awareness that this is a response to a victim, witness, or informant going to a law enforcement officer. It's really a two-prong analysis. The first is, does the person know that the person who is supposedly being retaliated against is going to have communications with a law enforcement officer? In this case, there's no basis for that awareness. The pretrial services officer deals directly with the judge, just like a probation officer in the case of a probation violation would do... Counsel, let me ask you this. Sure. Would a person necessarily know that an informant is going to go to a police officer? Well, if the person is dealing with a person who he believes or she believes is a layperson, a lay informant, or an undercover officer and they just don't know, and subsequently there's law enforcement action taken based upon the misdeeds of the person who ultimately retaliates against the person they believe provided the information to law enforcement, then it is certainly within their scope of awareness that the natural consequence was they dealt with a lay witness, that lay witness then went to a professional law enforcement officer, and due to the conduct of the report to the professional law enforcement officer, that led to the subsequent actions taken against the defendant. If the lay witness wrote a letter to a judge instead of to a police officer, would your argument change? In that case, Your Honor, we don't have a violation of 1513b2 because you never have the report to law enforcement in the first place. I really think you need to have two aspects to support this violation. I thought part of your argument was that all the defendant knew was the probation officer was going to go to a judge rather than... Let's say this probation officer or pretrial services officer had the authority on her own to, upon a violation of the conditions of pretrial release, cause the arrest. Then there wouldn't be any report to any law enforcement officer. Well, you'd have to report it to the officers who made the arrest. Well, yes, I guess you would have to report it to the officers who made the arrest, but... You were doing fine until that last statement. I'm sorry? I said you were doing fine until the last statement. The statute talks about doing threatening with the intent to retaliate against somebody who for reporting to a law enforcement officer. Yes. You have two parts, but your first part is that it's statutes aimed at informants or other lay people. Correct. Your second argument is that the report has to have been made to a law enforcement officer. That's true. Regardless, but there are two separate points. Yes, I believe both of those preclude... But your stronger point, it seems to me here, is that the statute on its face says it has to be a report to a law enforcement officer. I think that's a strong point, Your Honor, but I also... The first point you can't find on the face of a statute. The first point that you can't find that it can't be a report to a law enforcement officer? No, no, that it can't be a law enforcement officer making a report to another law enforcement officer. That you don't find on the face of the statute. Well, what you do find is in the... Because it's a report by a person to a law enforcement officer. A law enforcement officer is a person. Certainly, Your Honor. And if you look at the description of the section after 1513b2 in the code, it says, retaliating against a victim, witness, or informant. And if you also look at the language that Congress used in terms of passage of 1512 as well as 1513, their focus was on efforts to preclude information from going to law enforcement. Yes, but what I was saying is that your first argument is one that you can't answer just from reading the words of the statute. You read the title, you look at the history, you look at the purpose, and you make that argument. Your second argument, that the report has to be retaliation for reporting to a law enforcement officer, you make just from the face of the statute. Except that we know that a law enforcement officer in this case, the report was made to a law enforcement officer, that being Ms. Burke, the person who was supposedly retaliated against, and then her next report was to a judge who, under the face of the statute, is not a law enforcement officer. I'm having sort of more of a metaphysical question here. Obviously, those police officers who arrested your client heard from somebody that there had been a violation. That's why they arrested him. What is the significance of your client's state of mind? In other words, if he believes, and his statements certainly seem to suggest that this is what he believes, if he believes that Ms. Burke is responsible for his being arrested, is it enough? What if he has a mistaken belief? What if in fact she only reported to the judge, but he thinks at the time he makes these threatening statements that she is responsible for those police officers being there? It isn't the responsibility as to the cause of how those officers get there. It is the retaliation against what conveyance of information. He's retaliating against her, hypothetically. Let's say there's no independent evidence of this, but let's say he believes at the time he makes these statements that she reported him to the police. If that's what his belief is, and his words manifest that belief, does it matter whether she reported him to the police or not? Well, his words didn't manifest that. Well, we can discuss that, but I'm just trying to understand what the reach of this statute is. If I threaten to retaliate against you because I believe you have reported me to the police, and I do the things that are required under the statute for liability, does it have to be independently true that I reported you to the police? I think it does. Where does it say that? It doesn't, but what it does say is that the statute provides that you are retaliating against a person for giving information relevant to the commission of offense. So if there isn't information at all given, then I don't think this falls within 1513b2. All right, so it's not illegal to threaten a witness on the mistaken belief that they have? I don't think that that's an element of the offense. Okay. But here the elements aren't satisfied because Mr. Johnson was told by the pretrial services officer that she was going to report his conduct to the judge. Okay. And that in and of itself could not create the mens rea necessary for the specific intent. He couldn't be guilty of violating this statute by retaliating against her for reporting him to the judge. Correct. And he would have no reason to know the permutations between whether it's the judge who issues you a warrant causing law enforcement to then go out and do the arrest, or whether the judge issues the warrant and then Ms. Burke goes back and puts together a posse. And having 20 years of law enforcement experience, I don't know what would have happened there either. You know that the cops show up. He knows the cops show up, and he knows that Ms. Burke told him she was going to tell the judge. And the judge is not a law enforcement officer. Do you want to save your last minute for rebuttal? Certainly. Thank you. If it may please the Court, Mark Childs on behalf of the United States. Addressing the final statement of defense counsel, the statute 1513B2 is a broad statute. The exact language is whoever knowingly engages in any act and thereby causes bodily injury to another person or threatens to do so with the intent to retaliate against any person for any information relating to the commission or possible commission of violation of conditions of release pending judicial proceedings given by a person to law enforcement officer shall be guilty of 1513B2. It's retaliation against any person. Pretrial services officers are not. You're talking about the first point. That's correct. Pretrial services officers are not carved out as a matter of law from being protected by 1513B2. So the second issue is clearly that wasn't the intent or the purpose of the statute, but the statute you say is nevertheless broad enough to cover it. I believe that's fair, Your Honor, that the statute is broad enough to cover and protect PSO Burke. The statute was intended to cover what the title says, against witnesses, victims, and informants. Well, she, the pretrial services officer Burke, is a witness in this case. She did witness the violations that were committed. In fact, she's the only witness who witnessed the violations of the pretrial supervised release provisions by the defendant in this case. There wasn't any other witness. In any event, that seems to be the weaker of the two arguments that your opponent has. The more serious argument or the more persuasive, I think, of the two is that the report has to be, the information has to be given to a law enforcement officer. And that's correct, Your Honor. And that is just a plain reading of the definition of a law enforcement officer as defined by the statute. And you would agree a judge is not a law enforcement officer. In fact, during the trial, the government proposed a jury instruction saying that a judge was a law enforcement officer. And upon further legal review, the government withdrew that, and the parties agreed upon the definition of law enforcement officer, which included a pretrial service officer. In fact, by statute under 18 U.S.C. 1515A4, the law enforcement officer is defined by a pretrial service officer. And in this particular case, the pretrial service officer who was the witness to the defendant's violation of his pretrial supervision reported that information to another pretrial service officer. Her name is Elisa Galbraith. Where in the record does it show that the defendant here was advised of anything other than she would report it to a judge? Well, when a defendant was arrested, the defendant, in fact, stated to the officers during and after his arrest, unsolicited, that he knew why the officers – his exact words were, I know why you guys are here. It's because of that FB pretrial service officer. But who told her she would report it to a judge? And that's the record. That's correct. And she did, and then the officers showed up. And that's right. But there isn't anything in the statute or in the elements required to establish that the defendant knows that his pretrial supervision is going to be reported to law enforcement. He knew that. But it has to be with intent to retaliate for reporting to a law enforcement officer. Correct. Is there anything in the record that suggests that he had such intent, that it was to retaliate because she reported to a law enforcement officer? Again, circling back to what happened on the day of his arrest, the words out of his own mouth is that – That he knows that she's responsible for the arrest. She knows that he's – she's responsible for the officers. And he also knows that the only other thing the record tells us is that he knows that she was going to report it to the judge. That's in the record, right? That's correct. Well, that's correct. And, in fact, her actions were that she conveyed the information of the pretrial supervised release of violations to the officers themselves before they executed the warrant. Therefore, I mean, there's a – the record establishes that the – that the victim in this case – Well, let's take it as simple. A person says, I'm going to report you to a judge. Yes. Is what she said. You then get arrested. You have – are you supposed to then know that the reporting person also told her supervisors? No. And, therefore, that your retaliation is because she did that rather than because she reported to the judge? I don't think the defendant has to know, as a matter of fact, the process by which a – his violations are going to be reported. Whether or not she reported – say hypothetically that the pretrial service officer, in this case Burke, reported it to – reported it to a special agent. That special agent that goes to the supervisor, the pretrial services, and then the warrant gets issued. In that case, she definitely did report it to a pretrial. Let's take the other case. Yes. Let's say she only told the judge and never mentioned it to anybody else. Is he guilty? I think he would be because he – in fact, she communicated the information not only to the judge, but that information also went to the agents. But she only communicates it to the judge. You say that he is guilty for retaliating against her for reporting it to law enforcement. Correct. Because the information on the warrant, as well – which is in the record – as well as in the record, the agents testified they were communicated of the – the pretrial supervised violations by this particular defendant. And that's why they had to take extra precautions, if you will, when they hit the house. But this – this gets back to the – what I characterized as a metaphysical question I was trying to ask the defense counsel. Sure. You know, it's – it's not clear to me where – where the reach of this statute goes. If – if Mr. Johnson believes – and I think the record certainly would support a finding that he believed that the – the probation officer was responsible for his being arrested – if he believed that, if – if, in fact, she didn't – I think that's what I hear in Judge Reinhart's question, that if – if she didn't report it to law enforcement, but he believed that. Yes. Is there still a violation? Is it his state of mind that's – that's controlling? Now, there is evidence in this case that – that she did, in fact, report it to other people. But there's no evidence that Mr. Johnson knows that. Well, I – What – what is the relevance of his knowledge in terms of – of his mens rea here? Thank you. The – the elements in it, and even the jury instructions in this case, there's two. The first is defendant knowingly threatened to cause bodily injury to the pretrial service officer. He has to knowingly threaten to cause bodily injury. That's the first element of – of his knowledge. The second element is defendant did so with the intent of retaliating against pretrials – the pretrial service officer for giving information of potential violation of condition of pretrial release to a law enforcement officer. So he threatened, and he did so with the intent of retaliating. Not – not – not in fact that that – that, as a matter of fact, happened. That's – that's – that's what I'm trying to pin down. In other words, that your – Correct. That parsing of that language that is – it focuses on his state of mind that he is retaliating because he thinks she reported him to a law enforcement officer. That's – that's correct. Whether she did or not is – is – is not that – not that consequential. It is not. And I think that's what the statute protects, because most defendants and most lay people don't know how a warrant is issued and don't know why an officer would show up. Well, focusing on his state of mind, and there's no evidence that he knew that Amber Burke was going to report him to anybody other than the judge. That's correct. We have to draw inferences from his statements made at the time of his arrest. That's – that's the government's argument, isn't it? Yeah, that's correct, Your Honor. And your inference is that because she – he – Amber Burke was responsible for his arrest, which is what he said. She's responsible for it. I know who's – who's behind all this. That that means he thought she told somebody other than the person she said she would tell. I think the inference is that – Wouldn't the normal inference be that she did what she said she would do, told the judge, and thereby caused her arrest? Well, when the – when the officers knocked on the door, they announced that they had an arrest warrant. Yeah. And then – Well, where do you get a warrant? You get a warrant from a judge. Right. And that's – And so she told the judge, as she said she would, and he said, I guess she did what she said she would. Well, I don't – She caused it. She caused the issuance of a warrant. And how do you do that? By telling the judge. It – and I think under this particular statute, under the second element, the intent only has – only has to be for retaliating – To a law enforcement officer. To a law enforcement officer. Right. He doesn't have to know that. He doesn't have to know – It has to be his intent. Well, it does have – I'm sorry. It does have to be his intent. But in this case – But what is there that suggests to you that he thought in any way that she had told anyone other than the judge? Because he said – He said she's responsible for this arrest. Correct. He said specifically, I know why you guys are here. Right. I know why I'm getting arrested, and that's because you guys know what Amber Burke told you. No, not told you. Nothing there says what Amber Burke told you. Nothing. That's correct. All right. So is there because of what Amber Burke did? Amber Burke did what she said she would do. She told him she would tell the judge, and the next thing he knew, there was a warrant issued by a judge. I think that is – that's one inference that could be drawn. But the – there's nothing in the record that says that – that he specifically said that Amber Burke – of what Amber Burke said she was going to do. All he said was, you guys are here because of Amber Burke. Let me ask you this. Yes. If Ms. Burke had not said anything at all regarding what she was going to do, and there was still a retaliatory remark, would your analysis change? If she had not said, I'm going to report this to the judge, and the same thing happened? I think my analysis would be the same. I think, irrespective of Amber Burke providing information to the defendant, that she was going to report his violations to the judge. And in prior conversations, she had actually informed him of the consequences, that bail is a privilege and that bail could be revoked. But I think in this particular case, the agents, when they arrived, were confronted with the defendant who was making statements in retaliation against Amber Burke for what she did, sending the agents. And, in fact, we have a factual issue here, which was fairly undisputed, that Amber Burke did communicate with the agents about the violations and actually prompted his arrest. And it wasn't the judge that did so. Thank you. Thank you. Your Honor, it's 30 seconds. No, you're going to have a minute. Okay. But it will only take me 30 seconds. No, no, no, no. Your Honor, the last thing I would like to say is you're just not right. It wasn't Amber Burke telling the agents to go and arrest my client and then the agents going and arresting him. It was Amber Burke going to the judge and asking for a warrant and the judge issuing the warrant. Mr. Johnson had absolutely no knowledge about what the circumstances were behind the scene. All he knew was that Amber Burke told him that because he had lied to her and because he was non-responsive to the conditions of pretrial supervisions, that she was going to go to the judge. And because of that, when the agents arrived to arrest him, of course he knows why they're there because Amber Burke told him, I'm going to go to the judge. And that was the retaliation in the best case, giving the evidence in the best light to the government. That's their intent. Counsel, let me ask you the same question I asked opposing counsel. What if she hadn't said anything about what she was going to do and the proceedings went along the same way? What would your argument be? If she didn't tell him she was going to tell the judge, but she reported it to her supervisor and the arrest ultimately happened and he figured out that it was her, would your analysis change at all? My analysis would be that there still should have been a Rule 29 motion granted at the end of the government's case. Why would that be? Because he would have no awareness of how the information travels, whether she gives the information to anyone, whether she herself can't just initiate on her own the decision to arrest him. So you're asking us to rule that unless the defendant knows precisely how the information travels in the criminal justice system, there can be no violation? No, just that the defendant has to have awareness that the information that he believes is going to be conveyed from the witness retaliated against goes to a law enforcement officer, and that is the retaliation component of this section, and that wasn't met. The only thing he knew was that Amber Burke reported his violation to a judge, which the government stipulates. Can I ask you the question if she hadn't said anything at all? I don't think that gets them there either. Then you go under 111. You just have a simple assault against a federal officer. Okay. All right. Thank you, Your Honor. The case just argued will be submitted.
judges: Reinhardt, Rawlinson, Fogel